**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**AIKEN DIVISION**

| | |
|---|---|
| EDWARD HALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FARMERS HOME FURNITURE, )<br>EVAN CARPENTER, Store Mgr., )<br>LINDA BASS, Sales Rep., )<br>WILLIAM SPELL (Bill), Sales Rep.,)<br>GIESELA SIRRENBER, Sales Rep.,)<br>PATTIE ROGERS, Finance. Mgr., )<br>FRANCES KITCHEN, Customer )<br>Service, WAREHOUSE HOME )<br>FURNISHINGS, JENNIFER )<br>BENNETT, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:08-3883-MBS-JRM<br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

*Pro se* Plaintiff, Edward Hall ("Hall"), filed a complaint in this Court which appears to allege that his former employer terminated him for illegal reasons. Presently before the Court is Defendants' motion to dismiss pursuant to Rule 41(b), Fed.R.Civ.P. filed on July 22, 2010. Because Hall is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 23, 2010, advising him of his responsibility to respond to the motion to dismiss. Hall filed a response on August 24, 2010. Defendants filed a reply on August 26, 2010. Pretrial matters in this case were referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule

73.02(B)(2)(e) and (g). Because Defendants have filed a dispositive motion, this Report and Recommendation is entered for the Court's consideration.

Defendants' motion to dismiss is based on Hall's failure to comply with orders of the Court granting Defendants' motion to require Hall to make his claims more definite and certain by way of an amended complaint. The record shows the following:

1. Defendants filed a motion to make the complaint more definite and certain on March 13, 2009, pursuant to Rule 12(e), Fed.R.Civ.P. , due to the fact the complaint was vague.

2. Hall did not respond to the motion.

3. Review of the motion and the complaint by the undersigned indicated that a hearing would be beneficial for the undersigned to give Hall a general idea of *pro se* procedure and attempt to define his claims.

4. A hearing was held on March 11, 2010, but Hall did not appear.

5. After hearing the arguments of Defendants' counsel, the undersigned issued an order on Marcy 12, 2010 granting the motion to require Hall to makes his claims more definite and certain. Hall was given until April 9, 2010 to file an amended complaint.

6. On April 1, 2010 the Court received a letter from Hall which was construed as an objection to the order granting Defendants' motion to make the complaint more definite and certain.

7. On July 2, 2010, the Honorable Margaret B. Seymour, United States District Judge, entered an order denying Hall's objection and allowing him until July 16, 2010 to file his amended complaint.

8.  Hall failed to comply with the order, and Defendants filed their motion to dismiss.

## Discussion

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the Court. Ballard v. Carlson, 882 F.2d 93 (4th Cir.1989), *cert. denied* 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir.1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir.1978).

In the present case, Hall is proceeding *pro se* so he is entirely responsible for his actions. It is solely through Hall's neglect, and not that of an attorney, that no amended complaint has been filed despite two opportunities provided by the Court. Defendants are substantially prejudiced because they are unable to formulate a proper response to the original complaint. Hall has been dilatory in this matter because he did not attend the scheduled hearing and has failed to follow the orders of the Court. The undersigned concludes that no other reasonable sanctions are available in the circumstances of this case.

## Conclusion

After reviewing the record, it is recommended that the complaint be **dismissed, with**

**prejudice.**



                                                Joseph R. McCrorey
                                                United States Magistrate Judge

Columbia, South Carolina

September 7, 2010

                     **The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).