IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Hall, ) | |
| ) | C/A No. 1:08-3883-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Farmers Home Furniture, Evan Carpenter, ) | |
| Linda Bass, William Spell, Giesela ) | |
| Sirrenber, Pattie Rogers, Frances Kitchen, ) | |
| Warehouse Home Furnishings, and ) | |
| Jennifer Bennett, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Edward Hall, proceeding pro se and in forma pauperis, filed a complaint on November 26, 2008 against his former employer, Farmers Home Furniture, and a number of co-employees, alleging that he was terminated for illegal reasons. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

This matter came before the court on Defendants' motion to dismiss filed July 22, 2010. Defendants contended that the within action should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) based on Plaintiff's failure to comply with an order of the Magistrate Judge and for failure to prosecute. Plaintiff filed a response in opposition to the motion to dismiss on August 24, 2010, to which Defendants filed a reply on August 26, 2010. On September 7, 2010, the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' motion to dismiss be granted. Plaintiff filed objections to the Report and Recommendation on September 23, 2010, to which Defendants filed a reply on September 27, 2010. The court adopted the Report and Recommendation by order filed February 2, 2011.

On February 14, 2011, Plaintiff filed a document that the court has construed as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). (Entry 22) Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, Federal Practice & Procedure § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored. They are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff states that he "Powerfully, Strongly, Totally, and Whole Heartedly Object and Disagree with joseph mccrorey and margaret seymour!!! I want U.S. District Court of S.C. to remove joseph mccrorey off of my Lawsuit against fhf and their employees, In The Powerful Name of God and Jesus Christ!!! I'm filing these motions to reverse their decisions!!!" ECF No. 56, 2.

2

Plaintiff expresses only that he disagrees with the court's ruling.  Plaintiff has not established an intervening change in controlling law; new evidence, or a clear error of law.  Plaintiff's motion to reconsider (ECF No. 56) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 6, 2011